# UNITED STATES COURT OF APPEALS

**UNPUBLISHED**

## FOR THE FOURTH CIRCUIT

ZEINEB SAID RESHID,

*Petitioner,*

v.

No. 03-1570

JOHN ASHCROFT, Attorney General,

*Respondent.*

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A76-894-436)

Submitted: October 20, 2003

Decided: December 29, 2003

Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

## COUNSEL

Shifa Soressa, New York, New York, for Petitioner. Peter D. Keisler, Assistant Attorney General, Papu Sandhu, Senior Litigation Counsel, Andrew M. Eschen, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Zeineb Said Reshid, a native and citizen of Ethiopia, petitions for review from the Board of Immigration Appeals' ("Board") order dismissing her appeal from the immigration judge's order denying her application for asylum and withholding of deportation. We deny the petition for review.

A determination that an alien is not eligible for asylum must be upheld unless that determination is "manifestly contrary to law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D) (2000). This Court will reverse the Board "only if 'the evidence presented was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" *Rusu v. INS*, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting *Huaman-Cornelio*, 979 F.2d at 999 (internal quotation marks omitted)).

Reshid claims the Board and the immigration judge used the wrong standard of proof in denying her claim for asylum. We disagree and find there was no error. We further find there was no error in not finding Reshid established past persecution. Finally, we find the immigration judge's finding that Reshid was in a safe haven during her stay in Saudi Arabia is not in error and was one of several factors that diminished her claim for asylum.

The standard for receiving withholding of removal is "more stringent than that for asylum eligibility." *Chen v. INS*, 195 F.3d 198, 205 (4th Cir. 1999). An applicant for withholding must demonstrate a clear probability of persecution. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987). As Reshid failed to establish entitlement to asylum, she cannot satisfy the higher standard for withholding of removal.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*